# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Anant Kumar Tripati,

  Plaintiff,

v.

Corizon Incorporated, *et al.*,

  Defendants.

No. CV-18-03313-PHX-JJT (JFM)

**ORDER**

At issue is the Report and Recommendation ("R&R") (Doc. 45) submitted by United States Magistrate Judge James F. Metcalf recommending that the Court require an answer on parts of Count One of Plaintiff's Second Amended Complaint (Doc. 43) and dismiss the remainder of the claims. Plaintiff timely filed Objections (Doc. 46) and later filed two supplements thereto (Docs. 47, 51).

In his Second Amended Complaint ("SAC") (Doc. 43), Plaintiff raises six counts against 52 separate Defendants. In its screening of the original complaint, the Court dismissed without prejudice five of those six counts and parts of the sixth, as well as two other counts Plaintiff does not seek to resurrect. In so doing, the Court identified in detail the deficiencies in the original complaint under the Federal Rules of Civil Procedure, the caselaw interpreting those rules, and the substantive law of the claims. (*Id.*)

As Judge Metcalf observes in the R&R, Plaintiff makes no effort to address the deficiencies identified in the Court's last Order of partial dismissal. The SAC is exceptionally hard to comprehend, because Plaintiff has cut and pasted somewhere

between four and seven documents into one, repeating and skipping paragraph numbers so frequently that reference to the document is near impossible. But the Court is able to discern that four of the six claims he re-raises simply repeat precisely what he alleged in the dismissed original Complaint. There are no substantive changes or additions and in most cases Plaintiff merely renews—indeed photocopies—the identical claims the Court found inadequate in the prior dismissal order. Judge Metcalf concluded that only Count One, which the Court had found sufficiently stated a claim against several Defendants in the original complaint, satisfied Rule 8's requirements. Additionally, Plaintiff added allegations to Count One as to several additional Defendants which Judge Metcalf recommended were adequate to state a claim. In other words, Judge Metcalf found, aside from Count One, Plaintiff simply repeats five counts the Court dismissed for inadequacy before, and hopes for a different result.

Plaintiff's timely Objection and first Supplement to Objection (Docs. 46, 47) totaled 22 pages, in violation of LRCiv 7.2(e)(3), which limits the text of any objections to an R&R to ten pages absent the Court's permission to exceed. The Court nonetheless considered both documents.[1] The Objection and Supplement are largely illegible, proceed in sentence fragments and make reference to citations in the SAC that the Court was at times unable to follow. Nonetheless, the Court is able to understand Plaintiff's objections, and finds them unpersuasive. Plaintiff merely argues in conclusory fashion that Judge Metcalf's conclusions about sufficiency of pleading are wrong, without citation to any law on point or demonstration that Judge Metcalf overlooked some affirmative satisfactory allegation.

By way of example, in part of Count One of the SAC, Plaintiff attempts to allege a deliberate indifference claim via alteration of medical records against Defendants Bohuszewicz and Shuman. The following is the sum total of allegations Plaintiff leveled against Bohuszewicz and Shuman in support of this claim:

---

[1] The Court will strike and not consider Plaintiff's second Supplement to the Objections (Doc. 51), which Plaintiff filed over a month and a half late, after any responses were due from Defendants, and which also would have further violated the page limitations and represented a third bite at the objection apple.

CORIZON ALTERING RECORDS

> … K. Raney made the following false entries amongst others in my medical records. Rainey entered that a provider ordered I be subjected to blood tests. When I asked Raney who the provider was that ordered the blood tests, Raney informed me [sic] just name anyone and Raney will have that person sign off. Corizon and Centurion employees changed my blood pressure readings. When my BP is either 160 or more than 100 I get clonidine. The records show that these have been changed. Medical records also show orders for my diet and other orders given by Igwe had been changed.
>
> L.    Raney did this because Bohuszewicz and Shuman continued to pressure Corizon employees. Raney advised me "ADOC is our client and we do what they want."
>
> M.    Raney then cancelled all other special needs orders. Although now under Centurion, the same Corizon personnel are employed and continuing same wrongful actions on behalf of ADOC personnel they performed under Corizon. When I confronted her she told me as I had published books showing Corizon is denying healthcare I should go to court.

(SAC at 12-13.) In the R&R, Judge Metcalf correctly concluded that the above allegations "are too vague to adequately state a claim" of deliberate indifference. (R&R at 13.) The Court notes the above is typical of Plaintiff's pleading throughout the SAC and the issues Judge Metcalf identified with it.

Plaintiff objected to this recommendation, stating in total as follows:

> Contrary to Page 13 line 13 to 19, at Page 12-13 K to M I show harm by stating, as a consequence of altering the records, my diet and special needs order have been voided.

(Doc. 46 at 6.) That's it. Plaintiff repeats such conclusory arguments, without pointing to any specific allegations in the SAC to support his positions, throughout the Objection. And in each case his response is inadequate to overcome Judge Metcalf's considered application of the rules and law to the SAC. The Court will overrule the Objection, adopt the analysis of the R&R in whole, and follow its recommendation to require an answer by Defendants

enumerated below to certain deliberate indifference and retaliation claims set forth in Count One and dismiss the remainder of the SAC.

The Court will not adopt the recommendation that the dismissals be without prejudice, however. The Court should grant leave to amend if it appears at all possible that plaintiff can correct the defect or defects. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). And the Court did grant leave to amend; in the instant case it permitted Plaintiff to amend his original complaint twice. The Court also provided Plaintiff detailed instruction on exactly what was wrong with his original complaint, issue by issue, claim by claim, and component by component. The screening Order on the original complaint was 41 pages long, with all but a handful of those pages devoted to setting forth the legal requirements for pleading and identifying precisely how the claims—except for components of Count One—were deficient. (Doc. 21.)

In response, Plaintiff photocopied and submitted as his SAC the very pages from his dismissed original complaint, adding some handwritten interlineation and some typed additions to Count One and two additional handwritten pages to Count Four. None of those additions addressed the deficiencies set forth exhaustively in the screening Order. Plaintiff therefore has been afforded direction on the deficiencies of his claims and how to cure them, and has had two opportunities to cure them. He has not done so. The Court therefore will dismiss the deficient claims with prejudice. *Arlow v. California Dep't Corr.*, 168 Fed. App'x 249, 250 (9th Cir. 2006)(district court did not abuse discretion in dismissing pro se prisoner complaint without leave to amend where it had already allowed prisoner plaintiff one opportunity to amend and cure defects and provided instructions on how to do so). This matter was initiated fifteen months ago. It is time to move it forward with service and an answer or other responsive pleading to the remaining claim.

IT IS ORDERED overruling Plaintiff's Objections (Docs. 46, 47) to the R&R in this matter and striking Plaintiff's second Supplement to the Objections (Doc. 51.)

IT IS FURTHER ORDERED adopting the reasoning and analysis of Judge Metcalf's R&R (Doc. 45) and adopting the recommendations regarding sufficiency of

Plaintiff's claims in the SAC, but rejecting the recommendation concerning dismissal of the inform and uncured claims without prejudice.

IT IS FURTHER ORDERED ruling that Defendants Corizon, Stewart, Arhin, Minev, Powell, Osinloye, Weigel, Igwe, Shuman and Centurion must respond to the claims in Count One of the SAC alleging deliberate indifference to Plaintiff's high blood pressure, heart condition and COPD.

IT IS FURTHER ORDERED that Defendants Young, Bohuszewicz and Shuman must respond to the claim in Count One of the SAC alleging deliberate indifference to a low-salt allergy diet.

IT IS FURTHER ORDERED that Defendants Bohuszewicz and Shuman must respond to the claim in Count One of the SAC alleging retaliation based on a false disciplinary report of forgery.

IT IS FURTHER ORDERED dismissing with prejudice the remainder of the SAC, including all remaining aspects of Count One not approved above, and Counts Two through Six in their entirety, with prejudice.

IT IS FURTHER ORDERED dismissing Defendants Martinez, Arredondo, Ruiz, Curran, Kepney, Erwin, Respicio-Moriarty, Dossett, Johnson, Klausner, Glynn, Robertson, McWilliams, Ryan, Pratt, Ulibarri, Han, Days, Talley, Bonorand, Pacheco, Jacobs, Lawrence, Morrissey, Carter, Renaud Cook, Basha, Grimm, Conlon, Hover, O'Brien, Bell, Williams, Miller, Perkins, Hahn, Raney, Smith, Trinity Food Services, and Queen with prejudice.

The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. 43), this Order, and both summons and request for waiver forms for Defendants Corizon, Stewart, Arhin, Minev, Powell, Osinloye, Weigel, Igwe, Shuman, Young, Bohuszewicz and Centurion.

IT IS FURTHER ORDERED that Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections,

States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

IT IS FURTHER ORDERED that if Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

IT IS FURTHER ORDERED that the United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

IT IS FURTHER ORDERED that the United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order.

IT IS FURTHER ORDERED that a Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

IT IS FURTHER ORDERED that the Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

. . . .

. . . .

---

Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

(a) personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) and Rule 4(h)(1) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

IT IS FURTHER ORDERED that each Defendant must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

Dated this 31st day of January, 2020.

Honorable John J. Tuchi
United States District Judge